UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CARSON SMITH,

                Petitioner,              Case No. 1:07-cv-1179

v.                                              Honorable Robert J. Jonker

MARY BERGHUIS,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Factual Allegations and Procedural History**

Petitioner is incarcerated in the West Shoreline Correctional Facility. He pleaded guilty in the Clinton County Circuit Court to taking or enticing away a child under fourteen years of age, MICH. COMP. LAWS § 750.350, in exchange for an agreement by the prosecutor to dismiss a kidnapping charge and a supplemental information. On September 20, 1993, the trial court sentenced Petitioner to imprisonment for forty to sixty years. Petitioner filed a direct appeal claiming that his sentence was disproportionate and violated his Eighth Amendment right against cruel and unusual punishment. In an unpublished opinion issued on July 8, 1994, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence. The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 10, 1995.

On November 21, 1995, Petitioner filed a motion for relief from judgment in the Clinton County Circuit Court. He raised the following four claims:

I. Whether the trial court erred in approving the plea bargain when there was no factual basis for Child Enticement MCL 750.350; MSA 28.582 but a factual basis was given for Assault with Intent to Commit Criminal Sexual Conduct in the Second Degree MCL 750.520; MSA 28.788.

II. Whether the sentencing court erred when it took the defendant's juvenile record and other juvenile incidents into consideration when sentencing the defendant.

III. Whether trial counsel mislead the defendant in telling him that he would do only eight years of a minimum prison term of twenty years.

IV. Whether the Court, in imposing such a lengthy sentence, was giving up on any hope of rehabilitation for the defendant.

(11/21/95 Mot. for Relief from Judgment, docket #1). The circuit court denied Petitioner's motion on November 28, 1995. The Michigan Court of Appeals denied his application for leave to appeal on March 25, 1997. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

More than eight years after the proceedings concluded on his first motion for relief from judgment, Petitioner filed a second motion for relief from judgment on September 26, 2005, raising the following claims:

> I. Defendant's trial counsel's ineffectiveness violated the Defendant's right to have effective assistance of counsel; (1) which was made systematic by counsel; (2) is shown by documentation, which challenges Defendants' guilty plea, to overcome the burden of "new evidence" under MCR 6.502(G); (3) requires an evidentiary hearing; and (4) is plain error.
>
> II. Is Defendant's current sentence in violation of the proportionality test used by both federal and state case law.

(9/26/05 Mot. for Relief from Judgment, docket #1.) The circuit court denied Petitioner's motion on February 1, 2006. The Michigan Court of Appeals dismissed Petitioner's delayed application for leave to appeal because it constituted an improper successive motion for relief from judgment. Under Michigan law, only one motion for relief from judgment may be filed with regard to a conviction. *See* MICH. CT. R. 6.502(G)(1). The rule provides exceptions for cases in which there has been a retroactive change in the law after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *See* MICH. CT. R. 6.502(G)(2). The court of appeals found that neither of the exceptions for filing a successive motion was present in this case. The Michigan Supreme Court denied Petitioner's application for leave to appeal because Petitioner's motion for relief from judgment was prohibited by MICH. CT. R. 6.502(G).

In his application for habeas corpus relief, Petitioner raises the same two claims presented in his second motion for relief from judgment.

## Discussion

    I.    **Statute of Limitations**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner directly appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on March 10, 1995. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on June 8, 1995. A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001).

Petitioner filed his first motion for relief from judgment on November 21, 1995. The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). In this case, the start of the one-year grace period was tolled by Petitioner's pending motion for relief from judgment. The statute of limitations remained tolled while Petitioner's motion was pending in the Michigan courts. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). The Michigan Court of Appeals denied Petitioner's application for leave to appeal on March 25, 1997. Petitioner had fifty-six days to seek leave to appeal in the Michigan Supreme Court, although he did not file an application for leave to appeal in that court. The statute is not

tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Lawrence v. Florida*, 127 S. Ct. 1079, ___ (2007). Thus, the one-year period began to run on May 20, 1997, fifty-six days after the Michigan Court of Appeals denied his application for leave to appeal. With the benefit of tolling, the statute of limitations expired on May 20, 1998.

Petitioner filed a successive motion for relief from judgment on September 26, 2005. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year period expired on May 20, 1998, his motion for relief from judgment filed in 2005 cannot serve to revive the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000).

Even if Petitioner's second motion for relief from judgment had been filed while the statute of limitations was running, it could not serve to toll the limitations period because it was not a "properly filed" application for State post-conviction review within the meaning of 28 U.S.C. § 2244(d)(2). An application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8 (emphasis in original). As discussed above, Petitioner was prohibited from filing a second motion for relief from judgment pursuant to M.C.R. 6.502(G)(1), which provides that only one motion for relief from judgment may be filed with regard to a conviction. Because Petitioner's second motion was filed in violation of state law, it could not serve to toll the limitations period. *Cf. Young v. Mohr*, No. 99-3015, 1999 WL

1253097, at *1 (6th Cir. Dec. 17, 1999) (untimely post-conviction petition or appeal is not considered "properly filed" in terms of §2244(d)(2)); *Nooks v. Collins*, No. 98-3243, 1999 WL 98355, at *1 (6th Cir. Jan. 29, 1999) (for purposes of §2244(d)(2), time should be tolled for any action permitted by state law).

## II. **Newly Discovered Evidence**

Petitioner's claim of newly discovered evidence implicates 28 U.S.C. § 2244(d)(1)(D), which provides that the statute of limitations begins to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner's argument in this regard is very difficult to follow, but concerns defense counsel's responses to question posed to him by Plaintiff in 2004. On July 12, 2004, Petitioner sent a letter to his trial counsel posing six questions. Counsel sent Petitioner a response dated September 23, 2004. The following are the questions and corresponding responses:

1. Question: Since I pleaded guilty to the current crime, were the crimes on page 5 (dated 5-5-93 and 5-10-93)[2] also a part of the agreement not to be prosecuted?

    Answer: That is my understanding that the companion crimes charged or un-charged would not be prosecuted and/or dismissed as part of your original plea bargain.

2. Question: Do you feel that if the plea bargain is overturned, that I should pursue the attempted kidnapping charge since the Presentence Investigator also identified the crime as an attempt on page 5 also on page 6?

    Answer: My thoughts on what you should pursue if your plea is eventually overturned include an attempt to reduce the charges against yourself, since an attempt to commit a

---

[2]Petitioner is referring to page 5 of the Presentence Investigation Report, which reports other incidents where Petitioner allegedly approached girls while he was driving in his car and attempted to abduct them.

|   |   |   |
|---|---|---|
|   |   | kidnapping reduces your maximum penalty from a life offense to a five (5) year maximum. |
| 3. | Question: | Do you feel that at the time of the plea hearing, that I may not have fully understood the full potential of the outcome of such a plea? |
|   | Answer: | No, it is my belief that you fully understood all of the potential ramifications in accepting the original plea bargain. |
| 4. | Question: | When the Court went off the record during the plea hearing, was the Court in question of the plea?  The Court began to explain but decided not too [sic]. |
|   | Answer: | I do not have a present memory, and I checked if I had any notes, which I did not, or [sic] any conversations which were off the record.  My independent memory gives me no guide on this.  I am truly sorry. |
| 5. | Question: | What case(s) are you basing the time reduction on?  None of your correspondences listed them. |
|   | Answer: | I have done research on 6.500 Motions on a number of occasions, and have filed more than one (1) recently, but not specifically on your facts. |
| 6. | Question: | I voiced my objection to you during the sentencing and you told me to not to [sic] worry about that.  Do you recall me stating this concern to you when the judge started mentioning the non-prosecuted crimes listed in the Presentence Investigation Report? |
|   | Answer: | In answer to your question in this paragraph, I have no independent information in which I can recall on whether you spoke to me of desiring to voice the objection, and what my response was, or even if this ever took place. |

(2005 Mot. for Relief from Judgment, Appendix B, docket #1.)  Petitioner argues that counsel's responses to his questions constituted "newly discovered evidence;" however, this Court cannot discern any new evidence from counsel's responses that formed the basis of a claim or claims presented the habeas petition.  Moreover, the information provided by counsel could have been

discovered much earlier through the exercise of due diligence. The questions posed by Petitioner concerned his 1993 plea and sentencing proceedings, which took place more than decade before the above-referenced correspondence between Petitioner and his former counsel. Petitioner does not explain why he waited ten years to discuss these issues with his attorney. Moreover, it is not surprising that counsel was unable to recall the details of the proceedings more than ten years later. Consequently, Petitioner may not invoke § 2244(d)(1)(D) for purposes of determining when the one-year statute of limitations began to run.

### III. **Equitable Tolling**

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001)

(citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). In light of the eight year delay between the conclusion of the proceedings on his first motion for relief from judgment in 1997 and the filing of his second motion for relief from judgment in 2005, the Court cannot find that Petitioner diligently pursued his claims. Even after the proceedings concluded on his second motion for relief from judgment in 2006, Petitioner waited almost a full years before filing his habeas petition. Petitioner also has failed to allege facts showing that "extraordinary circumstances" stood in the way of filing his habeas petition. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 510. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: December 18, 2007                              /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).