UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CARSON SMITH,

               Petitioner,                                         Case No.  1:07-CV-1179

v.                                                    Hon. Robert J. Jonker

MARY BERGHUIS,

               Respondent.

_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

      The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 3) filed on December 18, 2007.  Petitioner filed his Objection to the Report and Recommendation (docket # 5) on December 31, 2007.

      Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objection.  After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Petitioner's habeas corpus petition be denied because it is time barred.  Plaintiff has seven objections to the Report and Recommendation.  Most of them fail to state an "objection[] to [a] proposed finding[ or] recommendation[]" of the Report and Recommendation and need not be addressed in this Order.[1]  FED. R. CIV. P. 72(b)(2).

---

[1]Petitioner's third, sixth, and seventh objections are addressed in the body of this Order.  For the sake of completeness, his remaining objections—those that fail to object to a specific finding or recommendation—are addressed in this note.  Petitioner's first objection, that the Magistrate Judge incorrectly concluded that the Michigan Court of Appeals dismissed Petitioner's application for leave to appeal, does not affect the propriety of the Report and Recommendation's conclusion that the petition is untimely.  Moreover, the Report and Recommendation correctly notes that the Michigan Court of Appeals denied Petitioner's motion for reconsideration.  Petitioner's second objection, that the Magistrate Judge's citation to unpublished cases violates Petitioner's constitutional rights, does not affect the propriety of the Report and Recommendation's conclusion that the petition is untimely.  Moreover, the Magistrate Judge's citation to unpublished opinions does not entitle Petitioner to representation and it does not violate his constitutional rights.  Petitioner's fourth objection, that the Magistrate Judge unethically insulted Petitioner by including in the Report and Recommendation a statement regarding how long Petitioner waited before filing his petition, does not affect the propriety of the Report and Recommendation's conclusion that the petition was untimely.  It is incontrovertible that Petitioner waited until August 22, 2007, to file his petition.  Finally, Petitioner's fifth objection, that he was entitled to more than ten days to file his Objection, does not affect the propriety of the Report and Recommendation's conclusion that the petition was untimely.  Moreover, Petitioner's argument is simply incorrect.  A party has only ten days to file objections to a magistrate judge's report and recommendation.  *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("[A] party shall file objections with the district court or else waive right to appeal.  Additionally, through the exercise of our supervisory power, we hold that a party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived.").

Those that do distill down to the argument that Petitioner filed his petition late because he discovered new evidence of actual innocence.

### *Untimely Petition*

Petitioner's objections are without merit.  Petitioner's petition was untimely; it was not based on a claim of newly discovered evidence; and petitioner is not entitled to equitable tolling. To be timely, the petition needed to be filed by May 20, 1998.  It was not filed until August 22, 2007.  It was untimely, and Petitioner establishes no reason why this Court should consider his untimely petition.

He argues that his petition is based on new evidence.  It is not.  As explained in the Report and Recommendation, nothing Petitioner has submitted, including the letters in Appendix A & B to Petitioner's Brief in Support of his Petition (docket # 2), could be construed as "newly discovered evidence."  Similarly, although Petitioner's Objection generally alleges that there exists some new evidence of "actual innocence," there is no such evidence in the record.

Petitioner also argues that he is entitled to equitable tolling because he alleges that his attorney did not file an appeal as promised.  This allegation does not entitle Petitioner to equitable tolling.  It does not carry his burden of establishing that he was diligently pursuing his right to file a petition for a writ of habeas corpus; and it does not establish that some extraordinary circumstance stood in his way.  *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.").  Petitioner provides nothing to show that (1) he spent eight years diligently pursuing his right to file

a petition for a writ of habeas corpus, and (2) extraordinary circumstances prevented him from

filing during the entirety of that time.

### *Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of

appealability must issue. 28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP.

P. 22(b)(1). Thus the Court must either issue a certificate of appealability indicating which issues

satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C.

§ 2253(c)(3); Fed. R. App. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th

Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing,

the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,

484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial

showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S.

at 484. But when a district court denies a habeas claim on procedural grounds without addressing

the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right *and* that

jurists of reason would find it debatable whether the district court was correct in its procedural

4

ruling." *Slack*, 529 U.S. at 484 (emphasis added).  If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id.*

The Court is denying Petitioner's petition on the plain procedural ground of statute of limitations without addressing the claim's merits.  The Court is invoking a plain procedural bar to dispose of the case, and Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed December 18, 2007, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is denied because it is barred by the one-year statute of limitations; and

2. A certificate of appealability is denied.

Dated:   March 17, 2008                      /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE